# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| FRANKIE WAYNE POPE, | : |
| Petitioner, | : |
| v. | : NO. 4:22-cv-00035-CDL-MSH |
| Warden KEVIN SPRAYBERRY, | : |
| Respondent. | : |

## ORDER

Petitioner Frankie Wayne Pope has filed a *pro se* petition for a writ of habeas corpus challenging his conviction in the Superior Court of Muscogee County, Georgia. Pet. for Writ of Habeas Corpus, ECF No. 1. He has also moved for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Aff. & Auth. for Withdrawal, ECF No. 2. Petitioner's motion to proceed *in forma pauperis* demonstrates that he is unable to prepay any portion of the filing fee. Accordingly, that motion (ECF No. 2) is now **GRANTED**.

Since filing the petition in this case, Petitioner has filed six sets of motions and supporting documents. *See* Mot. for Disc. Hearing, ECF No. 3; Mot. New Evidence, ECF No. 4; Mot. for New Evidence, ECF No. 5; Mot. for Relief from J., ECF No. 9; Mot. to Am., ECF No. 10; Mot. for Disc., ECF No. 12. These motions are not properly presented to this Court. In particular, they are largely repetitive, raising the same issues multiple times across the various motions. The motions also have numerous pages of documents attached. For instance, one of the motions with attachments is a total of 294 pages. *See* Mot. for Relief from J., ECF No. 9.

Moreover, the motions seek relief that is not available in this case or is not appropriate at this time. Initially, these motions assert that relief is proper under Fed. R. Civ. P. 6(a) and 60(b). Insofar as the motions invoke Fed. R. Civ. P. 6(a), that rule is concerned with calculating time in civil cases and does not appear to be relevant to Petitioner's motions. As to Fed. R. Civ. P. 60(b), that rule governs relief from a final judgment. No final judgment has been entered in this case, and thus, Fed. R. Civ. P. 60(b) is not applicable here.

Many of the arguments that Petitioner presents in these motions appear to be focused on relief from his state court criminal judgment or possibly from a state post-judgment proceeding. Fed. R. Civ. P. 60(b) does allow this Court to order relief from a judgment in a state court case. Instead, these appear to be arguments for habeas corpus relief generally. Any claims that Petitioner wants to present with regard to relief from his state court criminal judgment must be presented in his recast petition and must comply with the instructions set forth in this order.

Petitioner also appears in these motions to be asking to submit evidence or to have the Court schedule discovery or an evidentiary hearing. These requests are premature. At this stage, Petitioner will need to recast his petition in accordance with the instructions below. Once he does so, the petition will undergo a preliminary review, and it will be determined whether service is appropriate. Even if service is ordered, discovery will not be conducted without the express permission of the Court. Thus, these pending motions (ECF Nos. 3, 4, 5, 9, 10, 12) are **DENIED**.

If he wants to proceed with this action, Petitioner must consolidate all of his claims into one petition. To that end, Petitioner is now **ORDERED** to file a recast petition.

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast petition. In doing so, Petitioner must fully and carefully answer each question provided on the habeas corpus form and must include each constitutional error or deprivation entitling him to federal habeas corpus relief that he wants to raise in this action.

Petitioner should state his claims as simply and directly as possible. Petitioner may attach to the recast petition no more than ten additional pages setting forth his claims and the factual allegations underlying those claims. Petitioner is not to include any other attachments with the petition, such as copies of motions that he has filed in other courts. Petitioner is not to file separate motions setting forth additional claims that are properly raised in his habeas corpus petition.

The Court will not look back to Petitioner's previous filings in addressing this petition, and thus, if a claim is not raised in the recast petition, Petitioner will be presumed to have deliberately waived his right to complain of that constitutional error or deprivation. Petitioner's failure to fully and timely comply with this order to file a recast petition may result in the dismissal of this proceeding.

The **CLERK** is **DIRECTED** to forward Petitioner a new 28 U.S.C. § 2254 form with his service copy of this order (with the civil action number showing on both).

**SO ORDERED and DIRECTED**, this 17th day of March, 2022.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE