IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FRANKIE WAYNE POPE, | : |
| Petitioner, | : |
| V. | : NO. 4:22-cv-00035-CDL-MSH |
| Warden KEVIN SPRAYBERRY, | : |
| Respondent. | : |

**ORDER**

Petitioner Frankie Wayne Pope filed a *pro se* petition for a writ of habeas corpus challenging his conviction in the Superior Court of Muscogee County, Georgia. Pet. for Writ of Habeas Corpus, ECF No. 1. He also moved for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Aff. & Auth. for Withdrawal, ECF No. 2. Thereafter, Petitioner's motion to proceed *in forma pauperis* was granted. Order, ECF No. 14.

In the order granting Petitioner leave to proceed *in forma pauperis*, it was noted that Petitioner had filed six sets of motions and supporting documents that were not properly presented to the Court. *Id.* at 1-2 (citing Mot. for Disc. Hearing, ECF No. 3; Mot. New Evidence, ECF No. 4; Mot. for New Evidence, ECF No. 5; Mot. for Relief from J., ECF No. 9; Mot. to Am., ECF No. 10; Mot. for Disc., ECF No. 12). For the reasons set forth in that order, those motions were denied, and Petitioner was ordered to consolidate his pending claims into a single petition. *Id.* at 2-3.

Since the entry of that order, Petitioner has filed a motion to produce copies (ECF No. 16), a motion for leave to supplement his petition (ECF No. 17), a motion to amend

his petition (ECF No. 18), a recast petition (ECF No. 19), and a motion for discovery (ECF No. 20). These filings are addressed in turn below.

I. Motion to Produce Copies

The motion to produce copies is not entirely clear, but Petitioner appears to be asserting that he filed documents in the Northern District of Georgia and sent self-addressed stamped envelopes to the Atlanta Division. Mot. to Produce Copies 1-2, ECF No. 16. One of Petitioner's petitions filed in the Northern District was transferred to this Court and docketed as this case, but it appears from Petitioner's allegations that he may have filed other cases in the Northern District that were not transferred here. *See id.* It also appears that Petitioner is seeking to have copies of documents he sent to the Northern District returned to him in the envelopes that he submitted. *Id.* As the Operations Supervisor previously informed Petitioner by letter, Petitioner must contact the Northern District of Georgia regarding any request to have courtesy copies of documents that he sent there returned to him. *See* Letter from Operations Supervisor, ECF No. 15. Accordingly, this motion (ECF No. 16) is **DENIED**.

II. Motion for Leave to Supplement and Motion to Amend

As to the motion for leave to file a supplement, this motion appears to ask to supplement the record with a Petitioner's declaration regarding his claims. Mot. to Suppl., ECF No. 17. Similarly, the motion to amend appears to seek to revise a previously filed piece of evidence with new declarations and allegations. *See* Mot. to Amend, ECF No. 18. It appears that Petitioner may have mailed these motions before he received the order to recast. Regardless, at this stage of the proceeding, Petitioner's petition is before the Court for preliminary review. Petitioner should not be submitting evidence on the docket.

Moreover, to the extent that he wanted to add any factual allegations to his claims, he has been given the opportunity to do so in his recast complaint. Thus, his motion to supplement (ECF No. 17) and motion to amend (ECF No. 18) are **DENIED**.

    III.    <u>Motion for Discovery</u>

In the motion for discovery, Petitioner appears to be asking for discovery, to submit evidence, and for the appointment of counsel. Mot. for Discovery, ECF No. 20. As discussed in the previous order and in this order, Petitioner should not submit evidence or make arguments outside of his petition at this stage of the proceeding. Although service is ordered herein, the respondent has not yet had an opportunity to respond and Petitioner's requests for discovery and an evidentiary hearing are premature. Thus, to the extent that it is asking for discovery or to present evidence, this motion is **DENIED**.

To the extent that Petitioner is asking for the appointment of counsel, there is no constitutional right to appointment of counsel in post-conviction proceedings. *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006), *opinion modified on rehearing* 459 F.3d 1310 (11th Cir. 2006). Generally, the appointment of counsel in such cases is within the discretion of the court, and counsel may be appointed in a § 2254 case when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). At this time, the interests of justice do not require the appointment of counsel in this case. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **<u>on its own motion</u>**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

    IV.    <u>Recast Petition</u>

As mentioned above, Petitioner has filed a recast petition pursuant to the previous

order.  Recast Pet., ECF No. 19.  It is now **ORDERED** that Respondent file an answer to the allegations of the recast petition within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.  Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF.  A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner.  Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 11th day of May, 2022.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE