IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| FRANKIE WAYNE POPE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:22-cv-35-CDL-AGH |
| | : | |
| Warden KEVIN SPRAYBERRY, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Before the Court are Petitioner's Rule 60(b) motion and amended motion for relief from judgment (ECF Nos. 120, 122).[1] For the reasons explained below, it is recommended that Petitioner's motions be denied.

## BACKGROUND

On March 31, 2014, Petitioner entered a guilty plea in the Superior Court of Taylor County, Georgia to one count each of rape, false imprisonment, terroristic threats, and possession of marijuana, and to two counts of sodomy. Resp't's Ex. 2, at 1-2, ECF No. 34-2. Petitioner did not directly appeal his judgment of conviction, but, on October 2, 2014, he filed an out-of-time motion to withdraw his guilty plea. Resp't's Ex. 3, ECF No. 34-3. Petitioner then filed a second out-of-time motion on February 9, 2015. Resp't's Ex. 4, ECF No. 34-4. The trial court denied both motions on January 13, 2020, for lack of jurisdiction because the motions were not filed in the same term

---

[1] While his original motion is captioned as a motion for leave to file a Rule 60(b) motion, the requested relief in each motion is the setting aside of judgment and not merely a request to file such motion.

of court in which Petitioner entered his guilty plea. Resp't's Ex. 5, at 2, ECF No. 34-5 (citing *McKiernan v. State*, 286 Ga. 756, 757 (2010)).

On October 5, 2015, while Petitioner's motions were pending in Taylor County, he filed a state habeas corpus petition in the Superior Court of Chattooga County, Georgia, challenging his Taylor County conviction. Resp't's Ex. 6, ECF No. 34-6. After the case was transferred to the Superior Court of Lowndes County, he filed two amended petitions. Resp't's Ex. 7, ECF No 34-7; Resp't's Ex. 8, ECF No. 34-8. The Lowndes County Superior Court conducted evidentiary hearings on November 16, 2017, and January 17, 2019, and ultimately denied the petition on the merits on February 26, 2021. Resp't's Ex. 9, ECF No. 34-9. Petitioner then applied for a certificate of probable cause to appeal to the Supreme Court of Georgia (ECF No. 34-10), which was denied on December 14, 2021 (ECF No. 34-11). The Georgia Supreme Court issued its remittitur on February 15, 2022. Resp't's Ex. 12, ECF No. 34-12.

Petitioner filed his original federal habeas corpus petition (ECF No. 1) in this case on December 31, 2021.[2] He filed a recast petition on April 1, 2022 (ECF No. 19). Respondent moved to dismiss the petition as untimely on July 11, 2022. Resp't's Mot. to Dismiss 1, ECF No. 30. The Court recommended the motion be granted on September 2, 2022. Order & R. 1, ECF No. 51. The Court noted that under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Petitioner had one year from

---

[2] Although the Court received the habeas petition on January 12, 2022, Petitioner signed it on December 31, 2021. Pet. 14, ECF No. 1. "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.*

the date upon which his judgment of conviction became final to file his federal habeas petition. *Id.* at 4 (citing 28 U.S.C. § 2244(d)). The Court explained that because Petitioner did not appeal his guilty plea, his judgment of conviction became final on April 30, 2014. *Id.* at 5 (citing O.C.G.A. § 5-6-38(a)). Petitioner had until April 30, 2015, to file his federal petition, and because he failed to do so, the Court recommended it be dismissed as untimely. *Id.* at 7. The Court's recommendation was adopted on December 5, 2022, and a judgment entered on his petition the same day (ECF Nos. 83, 84). The United States Court of Appeals for the Eleventh Circuit denied a certificate of appealability on November 7, 2023 (ECF No. 114) and denied Petitioner's motion for reconsideration on December 11, 2023 (ECF No. 118).

Petitioner filed his original Rule 60(b) motion for relief from judgment with this Court on August 2, 2024. Mot. for Relief from J. 1, ECF No. 120. He filed an amended motion on September 14, 2024. Am. Mot. for Relief from J. Attach. 1, ECF No. 122-1. His motions are ripe for review.

## DISCUSSION

A district court may relieve a party from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In his original Rule 60(b) motion, Petitioner cited the reasons listed at (b)(2)-(4) based on newly discovered evidence, fraud, and a void judgment. Mot. for Relief from J. 1. In his amended motion, Petitioner adds (b)(6), which is a "catchall" provision only available when grounds (b)(1)-(b)(5) are inapplicable. Am. Mot. for Relief from J. 1, ECF No. 122; *Kemp v. United States*, 596 U.S. 528, 533 (2022). None of these reasons support granting Petitioner relief from judgment.

**I.   Newly Discovered Evidence and Fraud**

Motions relying on newly discovered evidence and fraud as provided in Rule 60(b)(2)-(3) "must be made . . . no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c). Here, the Court entered its judgment dismissing Petitioner's petition on December 5, 2022. Judgment, ECF No. 83. Consequently, Petitioner had until December 5, 2023, to seek relief from judgment. However, Petitioner did not file his original motion until August 2, 2024, which was nearly eight months too late. Therefore, he is time-barred from relying on Rule 60(b)(2)-(3) for relief.

The Court further notes it is not clear from Petitioner's motions what he contends constitutes newly discovered evidence or fraud. He appears to suggest it has something to do with the authenticity of his plea transcript, but Petitioner has contended from the beginning of this case that the transcript of his guilty plea was fraudulent, so this allegation is not new. Recast Pet. 1, 4, 14-16, ECF No. 19; Resp't's Ex. 9, at 5, ECF No. 34-9. Moreover, "[u]nder Rule 60(b)(3), the movant must demonstrate that the adverse party engaged in fraud or other misconduct that prevented the movant from fully and fairly presenting its case." *First Nat. Life Ins.*

*Co. v. Cal. Pac. Life Ins. Co.*, 876 F.2d 877, 882-83 (11th Cir. 1989). Here, the "case" as it pertains to this Court's judgment was the timeliness of Petitioner's habeas petition, and Petitioner does not explain how he was prevented from arguing timeliness or how his additional evidence would alter the Court's conclusion that the petition was untimely. Petitioner is thus not entitled to relief under Rule 60(b)(2) or (3).

## II. Void Judgment

A "void judgment" entitling a party to relief from judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023) (quotation marks omitted). "A judgment is not void simply because it is or may have been erroneous," but "[i]nstead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (internal citation and quotation marks omitted). Here, the Court did not lack jurisdiction to rule on Petitioner's habeas petition, and Petitioner was provided the opportunity to be heard, as evidenced by his responses to Respondent's motion to dismiss (ECF Nos. 39, 40). Petitioner is consequently not entitled to relief under Rule 60(b)(4).

## III. Rule 60(b)(6)

"Rule 60(b)(6) motions must demonstrate that the circumstances are

sufficiently extraordinary to warrant relief." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotation marks omitted). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Petitioner's motion fails to meet this heavy standard, instead relying on the same argument he has made throughout these proceedings, which is that documents showing he pleaded guilty on March 31, 2014, are fraudulent and that his conviction resulted from a "mock court date" on April 16, 2014. Am. Mot. for Relief from J. 1; Recast Pet. 1, 4, 14-16; Resp't's Ex. 9, at 5. Thus, Rule 60(b)(6) also provides no avenue for relief.[3]

## CONCLUSION

For the reasons stated above, it is recommended that Petitioners motion (ECF No. 120) and amended motion (ECF No. 122) for relief from judgment be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Petitioner is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a]

---

[3] Although Rule 60(b)(4) and (b)(6) do not have the one-year bar as Rule 60(b)(1)-(3) have, motions relying on those provisions still "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Petitioner has provided an involved procedural history, and though his argument is difficult to decipher, it may represent an attempt to explain why his motion was not brought sooner. Because he is not otherwise entitled to relief under Rule 60(b)(4) or (b)(6), the Court need not attempt to determine if his motions under these provisions were made in a reasonable time.

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 3rd day of December, 2024.

                                          s/ *Amelia G. Helmick*
                                          UNITED STATES MAGISTRATE JUDGE